UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                     Plaintiff,<br><br>-against-<br><br>HOUSING SOLUTIONS OF NEW YORK;<br>JANE DOE #1; JANE DOE #2,<br><br>                     Defendants. | 1:24-CV-9541 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff "John Doe,"[1] who appears *pro se*, brings this action asserting claims under 42 U.S.C. § 1983 and state law. He sues: (1) Housing Solutions of New York ("HSNY"), which he describes as "a nonprofit organization under contract with the New York City Human Resources Administration (HRA) to provide emergency housing, shelter and services to individuals and families facing homelessness in New York City" (ECF 1, at 1); (2) "Jane Doe #1," an unidentified HSNY employee assigned to an HSNY shelter located at 113-02 Atlantic Avenue, in South Richmond Hill, Queens County, New York (*id.* at 1-2); and (3) "Jane Doe #2," an unidentified HSNY staff member and/or case manager assigned to the same HSNY shelter (*id.* at 2). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

---

[1] Plaintiff does not reveal his true name or mailing address in any of his submissions. While Plaintiff has not filed consent to electronic service of court documents, the only address he has provided is his email address. Plaintiff has filed, with his complaint, *in forma pauperis* application, and a motion for the appointment of *pro bono* counsel (ECF 1-2, 4), a "motion to proceed anonymously," in which he asks the Court to allow him to proceed under a pseudonym (ECF 3).

## DISCUSSION

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b). Under that provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Because Plaintiff does not specify where any of the defendants reside, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). Plaintiff does allege, however, that the events that are the bases for his claims occurred at the abovementioned HSNY shelter located in Queens County, which lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c).[2] Thus, it is clear that, under Section 1391(b)(2), the United States District Court for the Eastern District of New York is a proper venue for this action.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: New York (New York City Borough of Manhattan), Bronx (New York City Borough of the Bronx), Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: Kings (New York City Borough of Brooklyn), Queens (New York City Borough of Queens), Richmond (New York City Borough of Staten Island), Nassau, and Suffolk. *See* § 112(c).

have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying alleged events occurred in Queens County, within the Eastern District of New York, and it is reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees, granted permission to proceed pseudonymously, and whether *pro bono* counsel should be requested to represent Plaintiff in this action are all determinations to

3

be made by the transferee court. (ECF 2-4.) The Court therefore directs the Clerk of Court to terminate ECF 3 and 4 on the electronic docket of this action in this court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

While Plaintiff has not consented to electronic service of court documents, because he appears *pro se* and the only address he has provided to the court is his email address, the Court directs the Clerk of Court to email Plaintiff a copy of this order using the email address listed at the signature page of the complaint. (ECF 1, at 8.) The Court also directs the Clerk of Court to provide a copy of this order to Plaintiff should he appear at the window of the court's *Pro Se* Intake Unit.

SO ORDERED.

Dated:   December 20, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

4